**FILED**

March 18, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____NM_____
DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ODALIS CAROLINA ROJAS FREITES,** | § § § | |
| **Petitioner,** | § § | |
| v. | § § | **NO. SA-26-CV-958-OLG** |
| **MIGUEL VERGARA** *et al.,* | § § § | |
| **Respondents.** | § § | |

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Odalis Carolina Rojas Freites's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1). Respondents have responded (Dkt. No. 5). After careful consideration, and in light of the broad consensus among the district courts who have considered the due process arguments presented in this case, the Court will grant the Petition for the reasons below.

## I.    BACKGROUND

Based on the record, Petitioner is a citizen of Venezuela who entered the United States without inspection on June 21, 2021, and was apprehended and detained by immigration authorities for the first time on October 28, 2025. *See* Dkt. No. 1-1 at 3. She was then placed in removal proceedings and charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), as "an alien present . . . without being admitted or paroled," and § 1182(a)(7)(A)(i)(I), as "an immigrant who, at the time of application for admission, is not in possession of a valid . . . entry document." *Id.* at 3, 6. Petitioner is presently being detained pursuant to 8 U.S.C. § 1225(b)(2)(A) pending the conclusion of her full removal proceedings under § 1229a.[1]

---

[1] For decades, the Department of Homeland Security concluded that 8 U.S.C. § 1225(b)(2)(A), which makes detention of applicants for admission mandatory, did not apply to those applicants encountered

Petitioner initiated this action on February 13, 2026, seeking an order compelling her release or requiring that she be given a bond hearing, on the grounds that she may not be mandatorily detained consistent with her right to due process. *See* Dkt. No. 1 at 9–10.

## II.    JURISDICTION

District courts have jurisdiction to grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c).

The INA does not strip the Court of jurisdiction over the instant challenge to detention. *See, e.g.*, *Perez-Puerta v. Johnson*, No. SA-25-CV-1476-OLG, Dkt. No. 13 at 2–4 (W.D. Tex. Dec. 15, 2025) (addressing and rejecting the applicability of 8 U.S.C. §§ 1252(g), 1252(b)(9), 1225(b)(4) in context of challenges to mandatory detention). Nor would Petitioner's failure to exhaust administrative remedies, as the exhaustion requirement in the immigration detention context is likely prudential rather than jurisdictional. *Calderon Lopez v. Lyons*, --- F. Supp. 3d ---, 2026 WL 44683, at \*1 n.1 (N.D. Tex. Jan. 7, 2026) (citing 8 U.S.C. § 1252(d)(1)). And "exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) (citation modified); *see Calderon Lopez*, 2026 WL 44683, at \*1 n.1 (finding that

---

for the first time in the interior of the United States, as they were understood to be evading detention, as opposed to "seeking" admission. *See, e.g.*, *Calderon Lopez v. Lyons*, --- F. Supp. 3d ---, 2026 WL 44683, at \*6 (N.D. Tex. Jan. 7, 2026); *see also* 8 U.S.C. § 1225(b)(2)(A) (mandating detention of "applicant[s] for admission . . . seeking admission"). Last year, DHS abruptly changed course. It determined that all applicants for admission, including those present in the interior of the United States, are subject to mandatory detention under § 1225(b)(2)(A) and, therefore, ineligible for release on bond. *See Calderon Lopez*, 2026 WL 44683, at \*7. The Board of Immigration Appeals (BIA) agreed with DHS's position in *In re Yajure Hurtado*, 29 I&N Dec. 216, 228 (BIA 2025). That decision precipitated a flood of habeas cases, including the one at bar. Recently, a divided panel of the Fifth Circuit agreed with DHS and the BIA's interpretation. *See Buenrostro-Mendez v. Bondi*, --- F.4th ---, 2026 WL 323330, at \*1 (5th Cir. Feb. 6, 2026) (rejecting the longstanding application of § 1226(a) to the detention of aliens, like Petitioner, who are applicants for admission by virtue of their presence in the United States without having been admitted or paroled).

exhaustion—i.e., an appeal to the BIA—would be "an exercise in futility" and therefore was not required); *Petgrave v. Aleman*, 529 F. Supp. 3d 665, 672 & n.14 (S.D. Tex. 2021) (finding that administrative exhaustion would be futile where constitutional challenge to detention procedures are raised); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 680–81 (W.D. Tex. 2025) (explaining that requiring petitioner to wait for a ruling on an appeal to BIA would "exacerbate [her] alleged constitutional injury—detention without a bond hearing"); *Hernandez-Fernandez v. Lyons*, No. 25-CV-773-JKP, 2025 WL 2976923, at *6–7 (W.D. Tex. Oct. 21, 2025) (same).

## III.   DISCUSSION

Petitioner challenges her detention under the Due Process Clause of the Fifth Amendment. As the petitioner, she bears the burden of proving that she is "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025) (quoting 28 U.S.C. § 2241(c)(3)). "[B]ecause the habeas proceeding is civil in nature, the petitioner must satisfy [her] burden of proof by a preponderance of the evidence." *Id.* at 696–97 (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)). "A court considering a habeas petition must 'determine the facts . . . and dispose of the matter as law and justice require.'" *Id.* at 697 (quoting 28 U.S.C. § 2243).

Petitioner argues that her being mandatorily detained without a bond hearing—to establish whether she poses a risk of flight or a danger to the community—violates her due process rights. *See* Dkt. No. 1 at 9–10. The Court agrees.

"Noncitizens are entitled to due process of the law under the Fifth Amendment." *Ochoa v. Vergara*, --- F. Supp. 3d. ---, No. 26-CV-266-RP, 2026 WL 482211, at *2 (W.D. Tex. Feb. 20, 2026) (citing *Trump v. J. G. G.*, 604 U.S. 670, 673 (2025)). "[G]overnment detention violates th[e Due Process] Clause unless the detention is ordered in a *criminal* proceeding with adequate procedural

protections . . . or, in certain special and narrow nonpunitive circumstances, . . . where a special justification . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Accordingly, if Petitioner has a constitutionally protected liberty interest in residing freely within the United States despite her status as an applicant for admission, then Respondents may not detain her during the pendency of her removal proceedings—notwithstanding the applicable mandatory detention provision in § 1225(b)—unless Respondents' "special justification" for doing so "outweighs" her liberty interest. *See id.*

Petitioner has a constitutionally protected liberty interest in residing freely within the United States during the pendency of her full removal proceedings because she has lived here for more than four years, during which she has developed substantial ties to the community. *See Sanchez*, 2026 WL 596133, at *12 ("Civil detainees possess a cognizable interest in their physical freedom during the pendency of their removal proceedings and a substantial liberty interest in not being confined unnecessarily." (citation modified)); *Martinez v. Noem*, No. 25-CV-430-KC, 2025 WL 2965859, at *4 (W.D. Tex. Oct. 21, 2025); *Gomez Hernandez v. ICE Field Off. Director*, No. 26-CV-67-KC, 2026 WL 503958, at *1 (W.D. Tex. Feb. 23, 2026); *Clemente Ceballos v. Garite*, No. 26-CV-312-DB, 2026 WL 446509, at *2 (W.D. Tex. Feb. 10, 2026); *cf. Marceau v. Noem*, No. 26-CV-237-KC, 2026 WL 368953, at *1 (W.D. Tex. Feb. 9, 2026) ("[A] person may obtain a liberty interest through their presence in the country, particularly where that presence is with the express permission of the Government." (citing *Lopez-Arevelo*, 801 F. Supp. 3d at 685–86)). And her "interest in being free from imprisonment" is "the most significant liberty interest there is." *Bonilla Chicas v. Warden*, --- F. Supp. 3d ---, No. 26-CV-131, 2026 WL 539475, at *10 (S.D. Tex. Feb. 20, 2026) (quoting *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020)).

4

Indeed, "liberty from bodily restraint always has been recognized as the core of the liberty protected by the Due Process Clause." *Youngberg v. Romeo*, 457 U.S. 307, 316 (1982)). Thus, not only does this factor clearly weigh in Petitioner's favor, but it "deserves great weight and gravity." *Ochoa*, 2026 WL 482211, at *3 (quoting *Vieira v. De Anda-Ybarra*, 806 F. Supp. 3d 690, 701 (W.D. Tex. 2025)). Accordingly, Respondents' "special justification" must "outweigh" Petitioner's very weighty liberty interest. *See Zadvydas*, 533 U.S. at 690.

Although the Government has a general interest in enforcing immigration laws, the INA is subservient to the Constitution's protections. *See, e.g., Counselman v. Hitchcock*, 142 U.S. 547, 565 (1892) ("Legislation cannot detract from the privilege afforded by the constitution"), *overruled on other grounds by Kastigar v. United States*, 406 U.S. 441 (1972). Of course, "the Government has an interest in detaining noncitizens who pose a flight risk or a danger to the community." *Bonilla Chicas*, 2026 WL 539475, at *11. But if Petitioner poses neither, then restoring her liberty during the pendency of her removal proceedings would in no way diminish the Government's "power to admit or exclude aliens." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020). And yet, § 1225(b)'s mandatory detention provision requires that Petitioner—and, indeed, all applicants for admission—be detained irrespective of whether she poses a danger or flight risk. The Court recognizes that some applicants for admission may present such risks, and, in those cases, the mandatory detention provision would have correctly resulted in their detention throughout removal proceedings. But mandatorily detaining *every* applicant for admission—including Petitioner—without any hearing or other individualized assessment of whether they pose any risk that would outweigh their liberty interest creates "a very high risk of erroneous deprivation of liberty." *Bonilla Chicas*, 2026 WL 539475, at *11.

"It is critically important to recognize Petitioner is in full removal proceedings, with presumably some immigration relief available to [her]." *Vieira*, 806 F. Supp. 3d at 699. And because those proceedings are ongoing, the choice "is not between imprisonment and [Petitioner's] 'living at large'"—"it is between imprisonment and supervision under release conditions that may not be violated." *Id.* (quoting *Zadvydas*, 533 U.S. at 696 (citation modified)). As such, the Court finds that Petitioner is entitled to relief on due process grounds.[2]

However, courts are split on the appropriate remedy for the violation in this context, where Petitioner had never previously been paroled or released into the United States and was only recently encountered by ICE and detained pursuant to § 1225(b)(2)(A). Many courts have ordered immediate release, *see, e.g.*, *Ochoa*, 2026 WL 482211, at *4 (granting immediate release and prohibiting re-detention "without first conducting a bond hearing") (collecting cases), while others have found that, even after *Buenrostro-Mendez*, the appropriate remedy is a bond hearing before an immigration judge, *see, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *2 (finding that a bond hearing was the appropriate remedy and that "*Buenrostro-Mendez* [would] not change the Court's analysis"). Here, because there has been no initial determination regarding Petitioner's risk of flight or danger to the community, the Court finds that the appropriate remedy in such circumstances is a bond hearing, during which the immigration judge will determine whether bond is appropriate and, if so, what conditions are suitable for release. *See, e.g.*, 8 C.F.R. §§ 212.5(b)

---

[2]*See Sanchez*, 2026 WL 596133, at *8 (granting relief, post-*Buenrostro-Mendez*, in habeas case brought by petitioner who had "lived in the United States since 1996, during which time he became a father to four children and the sole breadwinner for his family," and was arrested and mandatorily detained for the first time in 2025); *Martinez*, 2025 WL 2965859, at *4 (same, where the petitioner had "been living in this country for twenty-two years" and "established a family and a community here"); *Gomez Hernandez*, 2026 WL 503958, at *1, 3 (finding procedural due process violation in habeas case brought by petitioner who began living in the United States in 2022 and was apprehended and detained by ICE for the first time in 2026); *Clemente Ceballos*, 2026 WL 446509, at *1–2 (finding due process violation as applied to alien who entered without inspection in 2004 and had never been paroled or otherwise released into the country by DHS prior to his first encounter with, and resulting detention by, ICE in 2026).

(permitting parole only if the alien presents "neither a security risk nor a risk of absconding"), 241.4(e) (permitting discretionary release only if the alien "is not likely to pose a threat to the community" and "does not pose a significant flight risk").

## IV.    CONCLUSION

Based on the foregoing, Petitioner Odalis Carolina Rojas Freites's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1) is **GRANTED IN PART** as follows:

1.    Respondents must provide Petitioner Odalis Carolina Rojas Freites (A-220-363-841) with a bond hearing to determine whether she poses a danger or flight risk, or otherwise release her under appropriate conditions on or before **Wednesday, March 25, 2026**;

2.    If Petitioner is released, Respondents must notify Petitioner's counsel of the exact location and time of Petitioner's release as soon as practicable and **at least two hours before release**; and

3.    Respondents must file a status report no later than **Friday, March 27, 2026**, confirming that Petitioner has been given a bond hearing or otherwise released under appropriate conditions.

The Petition is **DENIED IN PART** to the extent Petitioner seeks to recover attorney's fees under the Equal Access to Justice Act. *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023) ("[T]he EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions."), *cert. denied*, 144 S. Ct. 553 (2024).

This Order is a **FINAL JUDGMENT**, and the Clerk is directed to **CLOSE** this case upon its entry.

It is so **ORDERED**.

**SIGNED** on March _____, 2026.

_____
ORLANDO L. GARCIA
United States District Judge